**Julio Alberto CORADO SOTO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–71243.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2011.*

Filed April 14, 2011.

Michael Friedberg, Friedberg & Trombi, Mathew Ho, Law Offices of Saldin & Friedberg, Los Angeles, CA, for Petitioner.

Janette L. Allen, Esquire, Trial, OIL, DOJ—U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Julio Alberto Corado Soto, a native and citizen of Guatemala, petitions for review

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Corado Soto's motion to reopen as untimely where he filed the motion more than seven years after the final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and he failed to establish the due diligence required for equitable tolling of the filing deadline, *see Iturribarria*, 321 F.3d at 897.

To the extent that it is raised, we lack jurisdiction to review Corado Soto's contention that the BIA should have invoked its sua sponte authority to reopen his proceedings. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 822–24 (9th Cir.2011).

In light of our disposition, we need not reach Corado Soto's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.